IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID W. SMITH, SR.,

      Petitioner,

v.                                                      Civil Action No. 2:10cv86
                                                     (Judge Maxwell)

MIKE LAWSON AND
JIM RUBENSTEIN,

      Respondents.

## REPORT AND RECOMMENDATION

On July 12, 2010, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petitioner paid the required filing fee on July 22, 2010. This case is before the undersigned for an initial review pursuant to LR PL P 2.

### I. The Petition

In the petition, the petitioner asserts that although he is an inmate of the West Virginia Division of Corrections ("DOC"), he is being held in a regional jail. The petitioner asserts that the his confinement in the regional jail is unconstitutional because he is being denied the same rights and privileges of other DOC inmates incarcerated in DOC facilities. The petitioner asserts that the West Virginia Supreme Court has determined that a regional jail is not a DOC facility and DOC inmates should be moved to DOC facilities within a reasonable time frame. As relief, the petitioner asks this Court to order the DOC to transfer him to a DOC facility.

### II. Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28

U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, the petitioner complains of the conditions of his confinement. Specifically, he the facility in which he is serving his DOC sentence. This claim does not attack, nor relate in any way, to the execution of his sentence. Thus, it is clear that the petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser, at 499-500 (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

### III. Recommendation

For the reasons stated, the undersigned recommends that the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dckt. 1) be **DENIED** and **DISMISSED without prejudice** to the petitioner's right to re-file his claims as a civil rights action.

Within **fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from **a** judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 29, 2010

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE